**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ulyess Kelvin Brewster, | No. CV 10-2386-PHX-RCB (DKD) |
| Plaintiff, | **ORDER** |
| vs. | |
| Joseph Arpaio, et al., | |
| Defendants. | |

Plaintiff Ulyess Kelvin Brewster, who is confined in the Maricopa County Durango Jail, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. The Court will dismiss the Complaint with leave to amend.

**I.   Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will assess an initial partial filing fee of $26.30. The remainder of the fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

**II.   Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C.

**JDDL-K**

§ 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. Id. at 1951.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." Hebbe v. Pliler, No. 07-17265, 2010 WL 2947323, at *3 (9th Cir. Jul. 29, 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" Id. (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*)).

If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action. See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*). The Court should not, however, advise the litigant how to cure the defects. This type of advice "would

1 undermine district judges' role as impartial decisionmakers." Pliler v. Ford, 542 U.S. 225,
2 231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide whether the court was
3 required to inform a litigant of deficiencies). Plaintiff's Complaint will be dismissed for
4 failure to state a claim, with leave to amend because the Complaint may possibly be saved
5 by amendment.

**III.   Complaint**

Plaintiff names the following Defendants in the Complaint: Maricopa County Sheriff Joseph M. Arpaio and Maricopa County Supervisors Fulton Brock, Don Stapley, Andrew Kunasek, Max W. Wilson, and Mary Rose Wilcox.

Plaintiff raises three grounds for relief in the Complaint. Plaintiff claims his right to be free from cruel and unusual punishment was violated by: roaches in his food (Count I), being placed in an unsanitary holding cell with 80 other inmates (Count II), and being housed with 50 to 60 other inmates with only 16 seats and 16 cups from which to drink (Count III).

Plaintiff seeks money damages.

**IV.   Failure to State a Claim**

   **A.   Board of Supervisors**

The Maricopa County Board of Supervisors and the individual members of that Board are not proper Defendants and must be dismissed. Local government bodies, such as Arizona counties, are persons under § 1983 and may be sued for constitutional injuries. Liability may be imposed on the county if a plaintiff establishes that his injuries were inflicted pursuant to an official county policy or custom. Thompson v. City of Los Angeles, 885 F.2d 1439, 1443 (9th Cir. 1989) (citations omitted). Official county policy may only be set by an official with "final policymaking authority." Id. (citing Pembaur v. City of Cincinnati, 475 U.S. 469, 481-83 (1986) (plurality opinion)). To identify those officials with "final policymaking authority," the Court looks to state law. Id. (citing City of St. Louis v. Praprotnik, 485 U.S. 112, 126 (1988) (plurality opinion) (quotations omitted)).

In Arizona, the responsibility of operating jails is placed by law upon the Sheriff, not on the county's Board of Supervisors. See Ariz. Rev. Stat. § 11-141(A)(5); Ariz. Rev. Stat.

1  § 31-101. Therefore, the Board of Supervisors is not liable to Plaintiff under § 1983 because
2  it lacks authority to establish an official policy with respect to the operation of the jail.
3  Further, the Board cannot be held liable for the actions of the Sheriff or his deputies on a
4  theory of *respondeat superior* liability. See Thompson, 885 F.2d at 1443. Accordingly, the
5  Board and individual members of the Board will be dismissed.

6  **B.    Arpaio**

7  To state a valid claim under § 1983, plaintiffs must allege that they suffered a specific
8  injury as a result of specific conduct of a defendant and show an affirmative link between the
9  injury and the conduct of that defendant. See Rizzo v. Goode, 423 U.S. 362, 371-72, 377
10 (1976). There is no *respondeat superior* liability under § 1983, and therefore, a defendant's
11 position as the supervisor of persons who allegedly violated Plaintiff's constitutional rights
12 does not impose liability. Monell v. New York City Department of Social Services, 436 U.S.
13 658, 691-92 (1978); Hamilton v. Endell, 981 F.2d 1062, 1067 (9th Cir. 1992); Taylor v. List,
14 880 F.2d 1040, 1045 (9th Cir. 1989). "Because vicarious liability is inapplicable to Bivens
15 and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the
16 official's own individual actions, has violated the Constitution." Iqbal, 129 S. Ct. at 1948.

17 Plaintiff has not alleged that Defendant Arpaio personally participated in a deprivation
18 of Plaintiff's constitutional rights, was aware of a deprivation and failed to act, or formed
19 policies that resulted in Plaintiff's injuries. Thus, the Court will dismiss without prejudice
20 Defendant Arpaio.

21 **V.    Leave to Amend**

22 For the foregoing reasons, Plaintiff's Complaint will be dismissed for failure to state
23 a claim upon which relief may be granted. Within 30 days, Plaintiff may submit a first
24 amended complaint to cure the deficiencies outlined above. The Clerk of Court will mail
25 Plaintiff a court-approved form to use for filing a first amended complaint. If Plaintiff fails
26 to use the court-approved form, the Court may strike the amended complaint and dismiss this
27 action without further notice to Plaintiff.

28 If Plaintiff files an amended complaint, Plaintiff must write short, plain statements

JDDL-K                                       - 4 -

telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the Defendant who violated the right; (3) exactly what that Defendant did or failed to do; (4) how the action or inaction of that Defendant is connected to the violation of Plaintiff's constitutional right; and (5) what specific injury Plaintiff suffered because of that Defendant's conduct. See Rizzo, 423 U.S. at 371-72, 377.

Plaintiff must repeat this process for each person he names as a Defendant. If Plaintiff fails to affirmatively link the conduct of each named Defendant with the specific injury suffered by Plaintiff, the allegations against that Defendant will be dismissed for failure to state a claim. **Conclusory allegations that a Defendant or group of Defendants have violated a constitutional right are not acceptable and will be dismissed**.

Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint." The first amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaint by reference. Plaintiff may include only one claim per count.

A first amended complaint supersedes the original complaint. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992); Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the Court will treat an original complaint as nonexistent. Ferdik, 963 F.2d at 1262. Any cause of action that was raised in the original complaint is waived if it is not raised in a first amended complaint. King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

**VI.   Warnings**

**A.   Release**

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal of this action.

**B.   Address Changes**

1 Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### C. Copies

Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### D. Possible "Strike"

Because the Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file an amended complaint correcting the deficiencies identified in this Order, the dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g). Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

### E. Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. 2) is **granted**.

(2) As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $26.30.

(3) The Complaint (Doc. 1) is **dismissed** for failure to state a claim. Plaintiff has

JDDL-K

- 6 -

**30 days** from the date this Order is filed to file a first amended complaint in compliance with this Order.

(4)   If Plaintiff fails to file an amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal may count as a "strike" under 28 U.S.C. § 1915(g).

(5)   The Clerk of Court must mail Plaintiff a court-approved form for filing a civil rights complaint by a prisoner.

DATED this 30th day of November, 2010.

Robert C. Broomfield
Senior United States District Judge