**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Ulyess Kelvin Brewster, | ) | No. CV 10-2386-PHX-RCB (DKD) |
| Plaintiff, | ) | |
| vs. | ) | **ORDER** |
| Joseph M. Arpaio, | ) | |
| Defendant. | ) | |

Plaintiff Ulyess Kelvin Brewster, who is currently confined in the Arizona Department of Corrections (ADC), filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 regarding events occurring at the Maricopa County Jail. (Doc. 7.) On screening, the Court directed Defendant to answer the First Amended Complaint, which alleged unconstitutional conditions of confinement at the Maricopa County Durango facility. (Docs. 7, 8.) Defendant now moves to dismiss for failure to exhaust administrative remedies as required by the Prison Litigation Reform Act (PLRA). (Doc. 17.) Although the Court issued a Notice pursuant to Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003), advising Plaintiff of his obligation to respond, Plaintiff filed no response. (Doc. 18.)

The Court will grant the motion and terminate the action.

**II.     Exhaustion of Administrative Remedies**

    **A.     Legal Standard**

Under the PLRA, a prisoner must exhaust available administrative remedies before

bringing a federal action concerning prison conditions. See 42 U.S.C. § 1997e(a); Griffin v. Arpaio, 557 F.3d 1117, 1119 (9th Cir. 2009). Exhaustion is required for all suits about prison life, Porter v. Nussle, 534 U.S. 516, 523 (2002), regardless of the type of relief offered through the administrative process, Booth v. Churner, 532 U.S. 731, 741 (2001). And a prisoner must complete the administrative review process in accordance with the applicable rules. See Woodford v. Ngo, 548 U.S. 81, 92 (2006).

Exhaustion is an affirmative defense. Jones v. Bock, 549 U.S. 199, 212 (2007). Thus, the defendant bears the burden of raising and proving the absence of exhaustion. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). Because exhaustion is a matter of abatement in an unenumerated Rule 12(b) motion, a court may look beyond the pleadings to decide disputed issues of fact. Id. at 1119-20. Further, a court has broad discretion as to the method to be used in resolving the factual dispute. Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 369 (9th Cir. 1988) (quotation omitted).

**B.    Parties' Contentions**

**1.    Defendants**

In support of their motion, Defendant submits the affidavit of Selethia Down, a sergeant in the Maricopa County Sheriff's Office (MCSO) Hearing Unit. (Doc. 14, Ex. 1, Down Aff. ¶ 3.)

Down attests that her duties include receipt, processing, tracking, and storage of inmate grievances. (Id.) The grievance procedure at the jail is a multi-tiered system that includes: (1) the initial grievance to the line officer and response; (2) review of the grievance by the shift supervisor and response; (3) review of the grievance and decision by a Bureau Hearing Officer; (4) the Institutional appeal to the Jail commander; and (5) the External appeal. (Id. ¶¶ 6-13.) Down asserts that there are no restrictions on the types of grievances allowed and that inmates may grieve conditions of confinement. (Id. ¶¶ 5, 17.) She further attests that according to the MCSO records, Plaintiff filed no grievances regarding conditions or overcrowding in holding cells or dirty and unsanitary conditions in holding cells. (Id. ¶ 17.)

1    Defendant argues that the evidence shows that Plaintiff did not file grievances about
the matters raised in the First Amended Complaint and therefore he did not exhaust his administrative remedies. (Doc. 17 at 4.)

**2.     Plaintiff**

As noted, Plaintiff filed no response. Although he asserted in his First Amended Complaint that he exhausted administrative remedies as to the claims raised, he submitted no documents demonstrating exhaustion. (Doc. 7.)

**C.     Analysis**

The Court will grant Defendant's motion. Defendant has provided evidence that there were remedies available to Plaintiff and that Plaintiff failed to exhaust the claims in the First Amended Complaint. See Wyatt, 315 F.3d at 1119; see also Brown v. Valoff, 422 F.3d 926, 936-37 (2005).

Plaintiff was issued an Order containing the customary warnings regarding his obligation to respond and the potential consequences for failing to do so. (Doc. 18.) He was specifically informed that if Defendant showed that he failed to exhaust, his action would be dismissed unless he produced controverting evidence. (Id. at 2.)

Because Plaintiff failed to respond, he did not rebut Defendant's evidence that Plaintiff did not file any grievances while in custody. Plaintiff's allegations in his First Amended Complaint do not alter this determination or suggest that administrative remedies were not available to Plaintiff. On this record, Defendant has met his burden of demonstrating the absence of exhaustion, and the Court will grant his motion to dismiss.

**III.   Lack of a Response**

Alternately, the Court has the discretion under Rule 7.2(I) of the Local Rules of Civil Procedure to deem Plaintiff's lack of response as consent to Defendant's motion to dismiss. Plaintiff was warned of this possibility. (Doc. 18 at 2.) The Ninth Circuit Court of Appeals has upheld a dismissal based on a failure to comply with a similar local rule in the District of Nevada. See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995). Before dismissal on this basis, the court must weigh (1) the public's interest in expeditious resolution of litigation,

(2) the court's need to manage its docket, (3) the risk of prejudice to the defendants, (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions. Id. at 53 (quoting Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)). If the court does not consider these factors, the record may be reviewed independently on appeal for abuse of discretion. Henderson, 779 F.2d at 1424.

The first three factors do not favor Plaintiff, particularly in light of the fact that Plaintiff has apparently lost interest in prosecuting his action. There is no risk of prejudice to Defendant to resolve the motion in his favor, and judicial efficiency also favors resolution of this action. The fourth factor of favoring disposition of cases on their merits weighs in favor of Plaintiff, and for the fifth factor, dismissal without prejudice is the least drastic sanction. In light of the overall five-factor analysis weighing in Defendant's favor, the Court will deem Plaintiff's lack of a response as a consent and dismiss the action without prejudice.

**IT IS ORDERED:**

(1) The reference to the Magistrate Judge is **withdrawn** as to Defendant's Motion to Dismiss (Doc. 17).

(2) Defendant's Motion to Dismiss (Doc. 17) is **granted**. Plaintiff's action is dismissed without prejudice for lack of exhaustion or alternately, for failure to respond. The Clerk of Court must enter judgment accordingly.

DATED this 20th day of July, 2011.

_____
Robert C. Broomfield
Senior United States District Judge